## MOORE GROCERY CO. v. VINCENT.
(No. 1926.)

Court of Civil Appeals of Texas. Beaumont. Feb. 17, 1930.

Rehearing Denied Feb. 19, 1930.

Butler, Price & Maynor, of Tyler, for plaintiff in error.

Mantooth & Denman, of Lufkin, for defendant in error.

O'QUINN, J. Plaintiff in error was plaintiff in the court below, and defendant in error was the defendant. We shall refer to them as plaintiff and defendant.

Plaintiff instituted this suit in the county court of Smith county, Tex., against the defendant, to recover on an account for merchandise in the sum of $749.03 alleged to have been sold by plaintiff to defendant. Defendant filed his plea of privilege to be sued in Angelina county, Tex., and the venue was changed to the county court of Angelina county.

Defendant filed his answer in the county court of Angelina county, alleging that he had sold his business to one T. C. Anderson, and that said Anderson assumed the payment of the debt of defendant to plaintiff involved in the suit, and that plaintiff accepted the said Anderson as debtor to it for said debt in lieu of defendant, and released defendant from the payment of said debt, and that thereafter plaintiff dealt with and looked to said Anderson for the payment of said debt, and that plaintiff demanded and received from said Anderson security for the payment of said debt, which was given by said Anderson, and accepted by and held by plaintiff in an amount in excess of said indebtedness, such security being a vendor's lien note for the sum of $1,625, plus the interest on same, which note was secured by the vendor's lien on land situated in Cameron county, Tex., and which said note and lien were transferred by said Anderson to plaintiff in security for said debt. Defendant's pleadings are quite lengthy, fully setting forth the facts and circumstances which he contends show the novation above stated, which we do not deem it necessary to more fully state.

Plaintiff replied to defendant's answer by its first supplemental petition, consisting of a general demurrer, special exceptions, general denial, and a plea of failure of consideration for the alleged contract of novation. Defendant filed his first supplemental answer with allegations in reply to plaintiff's plea of failure of consideration.

The case was tried to the court without a jury, and judgment rendered in favor of de-

fendant. From this judgment this appeal was taken.

There is but one question involved in this appeal. Was there a novation? Appellant's only proposition asserts that "to constitute a novation there must be a substitution by mutual agreement of one debtor or one creditor for another whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one which is thereby extinguished, and there must be consent of both parties and intention of all parties in interest that the original debtor shall be released."

There is no cavil as to whether appellant's definition of "novation" contained in its proposition is correct or not. Whether there was a novation was a question of fact for the court, and he found that there was. The matter for determination here is, Was there evidence to support the court's finding? There is in the record a full statement of facts agreed to by the parties and approved by the court. We do not deem it necessary to set out the evidence, but will say that in our opinion the finding of the court has ample support in the record. The facts showing a novation pleaded by defendant are abundantly proven.

The judgment is affirmed.